IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DMITRY ZINGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>ARA AVAKIAN<br><br>Defendant. | Case No.<br>2:25-CV-00031-WCG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Mr. Dmitry Zinger ("Mr. Zinger"), by his undersigned counsel, for this class action complaint against Ara Avakian, as well as his present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

## I.  INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. The Plaintiff Mr. Dmitry Zinger alleges that Ara Avakian, including through the fictious and unregistered business name "123 Connect," made unsolicited pre-recorded telemarketing calls to Mr. Zinger and others without their prior express consent.

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## II. PARTIES

5. Plaintiff Zinger is an individual who resides in the Eastern District of Wisconsin.

6. The Defendant sued herein as Ara Avakian, is an individual who is believed to reside in Pasadena, California.

## III. JURISDICTION AND VENUE

7. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8. Personal Jurisdiction: The Court has specific personal jurisdiction over Defendant because he directed his conduct into this District, including by calling numbers who have area codes in this District.

9. Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—was sent into this District.

## IV. FACTS

### A. The TCPA Prohibits Prerecorded Calls to Cell Phones

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

2

Case 2:25-cv-00031-WCG   Filed 05/27/25   Page 2 of 11   Document 8

can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services for which the called party is charged, thus shifting the cost of automated or prerecorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

15. This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch

systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021).

16. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices pitching business-oriented services. *See* FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

17. Non-consensual, non-emergency calls placed using an ATDS or an artificial or prerecorded voice violate 47 U.S.C. § 227(b)(1)(A), regardless of the purpose of the call. *Victory Phones*, 2021 WL 3007258, at *6 (rejecting claim that noncommercial survey calls were exempt and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and prerecorded voice calls to a variety of telephone numbers."). To hold otherwise would read the words "any person" and "any call" out of the statute. *See id.*

B. **Unsolicited Telemarketing to Plaintiff**

18. Plaintiff Zinger is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19. Plaintiff's residential cellular telephone number is (414)-XXX-XXXX, and has been on the National Do Not Call Registry for more than a year prior to the calls at issue.

20. Mr. Zinger uses the number for personal, residential, and household reasons.

21. Mr. Zinger does not use the number for business reasons or business use.

4

22. The number is a residential telephone line because it is not assigned to a telephone exchange service for businesses.

23. The number is assigned to a cellular telephone service.

24. Plaintiff Zinger never consented to receive calls from Defendant.

25. Plaintiff Zinger never did business with the Defendant.

26. Despite this, Plaintiff received a total of at least nine automated telephone calls from Defendant's numbers 209-245-7032, 657-439-5590, 850-655-5860, 986-842-5706, 628-356-9514, 986-800-8535, 726-465-8016, 864-544-4379, 904-678-9269 as part of a telemarketing campaign. The calls were sent between September 2024 and present.

27. The content of all the calls was identical. They all sent a pre-recorded message saying:

```
Hey! It's Barbara! I'm calling you from the Tax Resolution Centre. Go ahead
and give me a call back at [toll-free number.]
```

28. The voice on each of the calls was identical, and sounded professionally delivered and recorded, but would usually provide a different toll-free number on each call. The Plaintiff identified the following toll-free numbers based on the calls: 888-241-0041, 866-918-1918, 866-644-0156, 877-220-0211, and 877-867-4301.

29. The Plaintiff attempted to ascertain the identity of the caller by calling these 800 numbers back, but the people that answer state that they are with the fictitiously named "Tax Resolution Centre," will refuse to divulge further information as to their corporate identity or affiliation, and will simply terminate the call if asked too many questions.

30. Moreover, the Plaintiff cannot play along with the caller to identify it since the Plaintiff does not owe any federal tax debt.

31. Thereafter, through issuances of various subpoenas, the Plaintiff was able to ascertain that all the telephone numbers reproduced in Paragraph 26 were assigned to a company called Telecom Business Network.

32. In response to the subpoenas, Telecom Business Network confirmed that all the telephone numbers at issue were assigned to Defendant Avakian using the fake company name "123 Connect."

33. The company 123 Connect does not appear to be a registered company in California, nor is any other company with a similar name registered to Avakian.

34. Additionally, the name used on the call of "Tax Resolution Centre" is not registered as legitimate businesses or fictitious business name in any state or jurisdiction.

35. There are confusingly similar companies, such as Tax Resolution Center USA LLC, and the "Tax Resolution Centre" in the Metaverse, but none which have information connected to the Defendant.

36. Defendant Avakian personally participated in the calling conduct at issue alleged here by personally signing up for the telephone services used to send them, including using his own personal PayPal account to pay for the telephone services used to place the calls.

37. 31.Defendant Avakian may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, inter alia: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

38. Avakian personally committed the TCPA-violative conduct at issue because he was the telemarketer that personally purchased and sent the telephone services used to send the illegal robocalls.

39. The foregoing facts demonstrate that Avakian had direct, personal knowledge of and participation in the conduct and course of conduct complained of which violated the TCPA.

40. The aforementioned calls to the Plaintiff were unwanted.

41. The calls were nonconsensual encounters.

42. All the calls were made in an attempt to sell the Plaintiff tax resolution services.

43. Plaintiff does not need such services.

44. Plaintiff's privacy has been violated by the above-described telemarketing messages.

45. Plaintiff never provided his consent or requested these messages.

46. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## V. CLASS ACTION ALLEGATIONS

47. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class defined as follows:

> **Robocall Class:** Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers, specialized mobile radio numbers, radio common carrier numbers, or numbers for which they were charged for the call (2) Defendant, or a third party on his behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint.

48. Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

49. The Class, as defined above, is identifiable through telephone records and telephone number databases.

50. The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

51. Individual joinder of these persons is impracticable.

52. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

53. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

54. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied them from receiving legitimate communications.

55. This class action complaint seeks injunctive relief and money damages.

56. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

(ii) Whether Defendant used an artificial or pre-recorded voices to make the calls;

(iii) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls; and

(iv) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

57. Plaintiff's claims are typical of the claims of the Class, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

58. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

59. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or his agents.

60. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters

illegal activities. There will be no significant difficulty in the management of this case as a class action.

61. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or his affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

62. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

63. The foregoing acts and omissions of Defendant and/or his affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

64. The Defendant's violations were negligent, willful, or knowing.

65. As a result of Defendant's and/or his affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

66. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or his affiliates, agents, and/or other persons or entities acting

on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. An order enjoining Defendant and/or his affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this May 27, 2025.

>  */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com
>
> *Attorney for Plaintiff and the Proposed Class*